FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2012 NOV -5 AM 11: 39
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LARRY JACKSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: CV212-154

(Case No.: CR208-39)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Larry Jackson ("Jackson") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. The United States of America filed a Response. Jackson filed a Reply. For the reasons which follow, Jackson's Motion should be **DISMISSED**.[1]

## STATEMENT OF THE CASE

Jackson was charged with one count each of: conspiracy to manufacture 1,000 or more marijuana plants, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and possession of a firearm, in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). Jackson entered an agreement with the United States and pleaded guilty to a lesser included offense of the conspiracy charge (50 or more plants instead of 1,000). The Honorable J. Randal Hall sentenced Jackson to 60 months' imprisonment,

---

[1] Jackson filed a Motion to be Released to Home Confinement. The United States filed a Response, and Jackson filed a Reply. For the reasons Jackson's section 2255 motion should be dismissed, Jackson's Motion to be Released to Home Confinement should be **denied**.

AO 72A
(Rev. 8/82)

to be served concurrently to any term of imprisonment which may have been imposed upon revocation of Jackson's special parole term, on September 9, 2012. Judgment was entered on September 14, 2010. Pursuant to the appeal waiver provision, Jackson did not file an appeal.

Jackson contends that he received ineffective assistance of counsel because his attorney failed to adequately advance any Federal Rule of Criminal Procedure 35 claim Jackson may have had. Jackson also contends that the United States has failed to provide him with an opportunity to provide information and to make a Rule 35 motion based on that information.

The United States asserts that Jackson's Motion should be dismissed as untimely. The United States also asserts that, in the alternative, Jackson's Motion should be dismissed because it is barred by his plea agreement.

## DISCUSSION AND CITATION TO AUTHORITY

I. **Statute of Limitations**

Section 2255 of Title 28 of the United States Code provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Motions made pursuant to this section are subject to a statute of limitations period. This limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

2

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Jackson asserts that section 2255(f)(4) provides the proper statute of limitations in this case. According to Jackson, he filed a request for a sentencing transcript on August 1, 2012. Jackson alleges that, as of August 1, 2012, Agent Stephen Tinsley has not given him the chance to provide further cooperation. (Doc. No. 2-1, p. 3). Jackson avers that Assistant United States Attorney Darrin McCullough told him during sentencing that a potential Rule 35 motion was forthcoming, and the United States has not fulfilled this stipulation. Jackson also avers that this "breach" was discovered through due diligence and that equitable tolling applies. (Id. at p. 4).

The Government asserts that Jackson has not shown due diligence in seeking his relief so that § 2255(f)(4) cannot provide the applicable statute of limitations period for him. The Government contends that the facts supporting Jackson's claims could have been discovered well before he requested his sentencing transcript in August 2012. The Government also contends that equitable tolling does not apply in this case.

Jackson had fourteen (14) days, or until September 28, 2010, to file a notice of appeal. FED. R. APP. P. 4(b)(1)(A)(i); FED. R. APP. P. 26(a); Murphy v. United States,

3

634 F.3d 1303, 1307 (11th Cir. 2011) (noting that, when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires). Jackson did not file an appeal (as discussed below). Thus, he had until September 28, 2011, to file a timely § 2255 motion. 28 U.S.C. § 2255(f)(1). Jackson did not execute his motion until September 11, 2012, and his motion appears to be filed untimely. It must be determined whether he is entitled to equitable tolling.

A prisoner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2255 motion. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a prisoner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008). "'[T]he burden of establishing eligibility for'" this extraordinary remedy "'squarely'" rests with the prisoner. Foley v. United States, No. 10-13739, 2011 WL 1207623, at *1 (11th Cir. Apr. 1, 2011) (quoting Outler v. United States, 485 F.3d 1273, 1281 (11th Cir. 2007)).

There is no evidence before the Court that Jackson could not have discovered the alleged breach of a portion of his plea agreement before he filed his request for sentencing transcript in August 2012, and certainly before he executed his section 2255 motion on September 11, 2012. Jackson presents no facts which reveal that he acted with any sort of diligence in discovering what he calls a breach of his plea agreement prior to the expiration of the applicable statute of limitations period, which typically is one (1) year from the date of a conviction's finality. 28 U.S.C. § 2255(f)(1). Jackson's

4

motion was filed untimely, even considering section 2255(f)(4) as the applicable start of statute of limitations period.

## II. Plea Agreement Waiver

It is well-settled that a waiver of appeal[2] provision is enforceable if the waiver is knowing and voluntary. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008) (citing United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001)). "'To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver.'" United States v. Mottola, 394 F. App'x 567, 568 (11th Cir. 2010) (quoting United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997)). The fact that a petitioner attempts to challenge his sentence under the guise of an ineffective assistance of counsel claim does not change this result. Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) ("[A] valid sentence appeal-waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.") (citations omitted).

Jackson and his attorney negotiated a plea agreement with the Government, and Jackson agreed to plead guilty to one (1) count of a three (3) count indictment.[3] A

---

[2] "Appeal" refers to the right to appeal or contest, directly or collaterally, a sentence. United States v. Bushert, 997 F.2d 1343, 1350 & n.17 (11th Cir. 1993). Case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. Vaca-Ortiz v. United States, 320 F. Supp.2d 1362, 1365-67 (N.D.Ga. 2004).

[3] The indictment against Jackson and his co-defendants consisted of eight (8) counts, but Jackson was named in only three (3) of those counts. (CR208-39, Doc. No. 1).

"Limited Waiver of Appeal" was included as part of this plea agreement. This section provided:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal or collaterally attack the conviction and sentence in any post-conviction proceeding, including a [28 U.S.C.] § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

(CR208-39, Doc. No. 496, p. 9).

Jackson appeared before Judge Hall for his Change of Plea, or Rule 11, hearing. Judge Hall gathered personal information from Jackson, including his level of education and what medications he was taking. Judge Hall asked Jackson if he understood why he was appearing in Court on April 16, 2010, and Jackson stated that he did. Judge Hall also asked Jackson's attorney, William McHugh, if he had any reason to believe Jackson was not competent to plead guilty. McHugh stated he did not. Next, Judge Hall advised Jackson of all of the rights he had available to him, but that, by pleading guilty, Jackson was waiving those rights. (CR208-39, Doc. No. 529, pp. 8-11). Jackson stated that he understood his rights and that he was waiving those rights. (Id. at p. 11).

The Government provided the Court with a factual basis to support Jackson's plea by calling Special Agent Stephen Tinsley as a witness. (Id. at pp. 11-14). After hearing from Agent Tinsley, Judge Hall gave Jackson the opportunity to disagree with anything Agent Tinsley said. Jackson did not disagree with Agent Tinsley's factual account, and Jackson provided his own account as well. Based on these accounts,

Judge Hall determined there was a factual basis to support the plea agreement. (Id. at p. 15).

Judge Hall and Jackson then had this colloquy:

THE COURT: Mr. Jackson, do you understand that by signing this plea agreement that you are agreeing to be bound by its terms and that you are agreeing that all facts that are contained in the plea agreement are true[?]

DEFENDANT: Yes, sir.

THE COURT: Now[,] as I read the plea agreement[,] the Government has promised—well[,] let me talk about you for a minute.
. . . .
You have agreed that the appropriate number of marijuana plants to be considered for sentencing is 933.

DEFENDANT: Yes, sir.

THE COURT: And that the appropriate sentence is 60 months, is that correct?

DEFENDANT: Yes, sir.

THE COURT: . . . . And finally, you have agreed to a limited appeal waiver.

Mr. Jackson, normally when you are convicted or plead guilty to a crime—well in both cases you are convicted, but normally if you are found guilty by a jury or you plead guilty, you have the right to appeal that conviction to the United States Court of Appeals for the Eleventh Circuit. Now in this case, you have signed a plea agreement that contains a limited appeal waiver. What does that mean? That means that you have agreed that you will waive your rights to directly appeal your conviction and sentence and in addition to collaterally attack it in a post-conviction-type proceeding except if certain conditions occur. Now what are those conditions? First, if I were to sentence you to a sentence that is greater than what the law allows, you would have a right to directly appeal that sentence. Secondly, if I were to sentence you to a sentence that is greater than or higher than the upper end of the sentencing guideline range, you would also have a right to appeal that sentence. Finally, the Government always has the right to appeal and if they

> choose to appeal your sentence then you would at that point have the right to directly appeal also. But unless those things happen, you are giving up your right by signing this plea agreement to waive this sentence and conviction. Do you understand that?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Now the Government has agreed that it will recommend a three-level reduction for acceptance of responsibility and that is a three-level reduction in your offense level at sentencing[,] assuming that you continue to reflect or express an acceptance of responsibility for your conduct. . . . [A]nd if you cooperate with the Government and provide assistance in connection with the investigation or prosecution of others and if your cooperation or assistance rises to the level of substantial assistance[,] then this plea agreement provides that the Government may file a motion either at your sentencing for a downward departure in your sentence level or either after sentencing for a reduction of your sentence.
>
> Now have I, Mr. Jackson, adequately summarized this plea agreement?
>
> DEFENDANT: Yes, sir.
>
> . . . .
>
> THE COURT: Now other than the promises made by the Government in this plea agreement[,] has anyone else made you a promise in order to get you to plead guilty today?
>
> DEFENDANT: No, Sir.

(Id. at pp.16-19). Judge Hall then discussed with Jackson the statutory penalties he faced, which included a term of imprisonment of no more than five (5) years.

The record clearly indicates that Jackson understood the implications of entering a guilty plea, as well as the meaning of the limited waiver of appeal condition. In addition, Judge Hall specifically questioned Jackson about this condition during the Rule 11 hearing. Mottola, 394 F. App'x at 568. Jackson's sentence of 60 months' imprisonment fell within the 57 to 60 months' Guidelines range, and well below the 25

years to life he otherwise faced. (CR208-39, Doc. No. 516, pp. 4, 12). Jackson's claims clearly fall within the limited waiver of appeal condition of his plea agreement, and he is not entitled to his requested relief.

Likewise, Jackson is not entitled to his requested relief based on his more specific assertion that the Government breached the plea agreement by failing to seek a Rule 35 motion on his behalf. 18 U.S.C. § 3553(e) and "Section 5K1.1 of the Sentencing Guidelines provide[ ] that '[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.'" United States v. Dorsey, 554 F.3d 958, 960 (11th Cir. 2009) (quoting United States Sentencing Guidelines Manual § 5K1.1) (alteration in original). The government has "'a power, not a duty, to file a motion when a defendant has substantially assisted.'" Id. at 961 (quoting Wade v. United States, 504 U.S. 181, 185 (1992)). Therefore, a district court cannot grant a downward departure for substantial assistance absent a motion by the government. Id. "[T]he government's discretion is such that federal district courts may review the government's refusal to file a substantial-assistance motion only if the defendant first makes a 'substantial threshold showing' that the refusal was based upon an unconstitutional motive, such as the defendant's race or religion." United States v. McNeese, 547 F.3d 1307, 1308 (11th Cir. 2008) (quoting Wade, 504 U.S. at 185-86).

During Jackson's sentencing hearing on September 9, 2010, Agent Tinsley noted that Jackson "proffered with us and has corroborated the facts that other co-defendants and other witnesses [have] provided to us. We do intend to indict additional un-indicted

9

people . . ., and we plan for Mr. Jackson to be able to testify against those individuals, *if need be*." (CR208-39, Doc. No. 516, p. 10) (emphasis supplied). AUSA McCullough represented to Judge Hall that, "[i]t is very likely that *if* Mr. Jackson continues his cooperation[,] we *may* be back before the Court at some point in the future on a Rule 35 motion[,] but we are going to save that for another day." (Id. at p. 12) (emphases supplied). McHugh wanted to clarify this point. Judge Hall said, "And I understand you're just saying 60 months is where we start. If they file a Rule 35 motion then—if in fact he qualifies and they file a 35 motion[,] we reduce off of 60; that 60 is not taking into account any cooperation." (Id. at p. 14). Judge Hall took this into account and pronounced sentence upon Jackson for a period of 60 months' imprisonment. (Id. at p. 15).

Jackson does not allege that the Government has refused to move the Court for a sentence reduction and that that refusal was for an improper purpose. In fact, the evidence before the Court reveals that the Government is under no duty to make a Rule 35 motion on Jackson's behalf. The evidence also reveals that the Government is under no duty to seek out Mr. Jackson in the hopes that he provides substantial assistance. The evidence further reveals that Jackson has neither provided any further assistance, nor has Jackson shown that he has information to give the Government. Jackson is not entitled to his requested relief.[4]

---

[4] Even construing Jackson's allegation as falling under an ineffective assistance of counsel claim, Jackson is not entitled to his requested relief. Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) ("[A] valid sentence appeal-waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.") (citations omitted).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Jackson's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 5th day of November, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)